## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

NETLIST, INC.,

          Plaintiff,

v.

MICRON TECHNOLOGY, INC., MICRON
SEMICONDUCTOR PRODUCTS, INC., and
MICRON TECHNOLOGY TEXAS LLC,

          Defendants.

Civil Action No. 6:21-cv-00431-ADA

**JURY TRIAL DEMANDED**

**NETLIST, INC.'S REPLY TO COUNTERCLAIMS OF MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS, INC., AND MICRON TECHNOLOGY TEXAS LLC**

Plaintiff Netlist, LLC ("Netlist") files this Answer to the Counterclaims of Defendants Micron Technology, Inc., Micron Semiconductor Products, Inc., and Micron Technology Texas LLC (collectively, "Micron") filed on August 20, 2021 [Dkt. No. 19] and responds to Micron's allegations as set forth below. All allegations not expressly admitted are denied.

## COUNTERCLAIMS

Netlist admits that Micron purports to assert an action for declaratory judgment of non-infringement and invalidity of U.S. Patent Nos. 10,489,314 (the "'314 Patent"); 9,824,035 (the "'035 Patent"); and 10,268,608 (the "'608 Patent") (collective, the "Asserted Patents"). Netlist denies that Micron's counterclaims have any factual or legal merit. Except as stated, these allegations are denied.

## BACKGROUND

1.      Netlist admits the allegations of paragraph 1.

2.      Netlist admits that it has accused Micron of infringing the Asserted Patents.

Netlist admits that Micron denies that any of its products infringe any valid and enforceable

claim in the Asserted Patents.

3.      Netlist admits the allegations of paragraph 3.

## PARTIES

4.      Netlist admits, upon information and belief, that Defendants and Counterclaim-Plaintiff MTI is a Delaware corporation with its principal place of business at 8000 S. Federal Way, Boise, Idaho 83716.

5.      Netlist admits, upon information and belief, that Defendants and Counterclaim-Plaintiff Micron Texas is an Idaho limited liability company with its principal office at 8000 S. Federal Way, Boise, Idaho 83716.

6.      Netlist admits, upon information and belief, that Defendants and Counterclaim-Plaintiff MSP is an Idaho corporation with its principal office at 8000 S. Federal Way, Boise, Idaho 83716.

7.      Netlist admits the allegations of paragraph 7.

## JURISDICTION AND VENUE

8.      Netlist admits that this Court has subject matter jurisdiction over Micron's Counterclaims but denies that Micron is entitled to any relief under the Declaratory Judgment Act and the patent laws of the United States or any other provision of law.

9.      Netlist does not contest personal jurisdiction in this district in this case. Except as expressly admitted, Netlist denies the allegations of paragraph 9.

10.     Netlist does not contest venue in this district in this case. Except as expressly admitted, Netlist denies the allegations of paragraph 10.

## COUNTERCLAIM 1

## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '314 PATENT)

11.     Netlist admits that Micron purports to incorporate by reference the admissions,

denials, and allegations set forth in the preceding Counterclaim paragraphs. Netlist re-alleges and incorporates by reference its responses above in paragraphs 1-10.

12.     Netlist admits the allegations of paragraph 12.

13.     Netlist denies the allegations of paragraph 13.

14.     Netlist admits that Micron seeks a declaration that Micron has not infringed and does not infringe any valid and enforceable claim of the '314 Patent either directly or indirectly, literally or under the doctrine of equivalents, or willfully. Except as expressly admitted, Netlist denies the allegations in paragraph 14.

15.     Netlist denies the allegations of paragraph 15.

16.     Netlist denies the allegations of paragraph 16.

## COUNTERCLAIM 2

## (DECLARATORY JUDGMENT OF INVALIDITY OF THE '314 PATENT)

17.     Netlist admits that Micron purports to incorporate by reference the admissions, denials, and allegations set forth in the preceding Counterclaim paragraphs. Netlist re-alleges and incorporates by reference its responses above in paragraphs 1-16.

18.     Netlist admits that an actual controversy exists between Netlist and Micron regarding validity of the '314 Patent. Except as expressly admitted, Netlist denies the allegations in paragraph 18.

19.     Netlist admits that Micron attached U.S. Patent No. 6,446,184 ("Dell") as Exhibit A and U.S. Patent No. 6,070,217 ("Connolly") as Exhibit B to its Answer. Netlist admits that Dell purports to have a filing date of January 31, 2001 and an issue date of September 3, 2002. Netlist admits that Connolly purports to have a filing date of May 12, 1998 and an issue date of May 30, 2000. The remaining allegations in paragraph 19 contain conclusions of law and not averments of fact to which the rules require an answer, but insofar the rules require an answer

Netlist denies the remining allegations of paragraph 19.

20.     Netlist denies the allegations of paragraph 20.

21.     Netlist admits that Micron seeks a declaration that the claims of the '314 Patent are invalid. Except as expressly admitted, Netlist denies the allegations in Paragraph 21.

22.     Netlist denies the allegations of paragraph 22.

## COUNTERCLAIM 3

### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '035 PATENT)

23.     Netlist admits that Micron purports to incorporate by reference the admissions, denials, and allegations set forth in the preceding Counterclaim paragraphs. Netlist re-alleges and incorporates by reference its responses above in paragraphs 1-22.

24.     Netlist admits that an actual controversy exists between Netlist and Micron regarding infringement of the '035 Patent. Except as expressly admitted, Netlist denies the allegations in paragraph 24.

25.     Netlist denies the allegations of paragraph 25.

26.     Netlist admits that Micron seeks a declaration that it has not infringed and does not infringe any valid and enforceable claim of the '035 Patent either directly or indirectly, literally or under the doctrine of equivalents, or willfully. Except as expressly admitted, Netlist denies the allegations in paragraph 26.

27.     Netlist denies the allegations of paragraph 27.

28.     Netlist denies the allegations of paragraph 28.

## COUNTERCLAIM 4

### (DECLARATORY JUDGMENT OF INVALIDITY OF THE '035 PATENT)

29.     Netlist admits that Micron purports to incorporate by reference the admissions, denials, and allegations set forth in the preceding Counterclaim paragraphs. Netlist re-alleges and

incorporates by reference its responses above in paragraphs 1-28.

30.     Netlist admits that a controversy exists between Netlist and Micron regarding validity of the '035 Patent. Except as expressly admitted, Netlist denies the allegations in paragraph 30.

31.     Netlist admits that Micron attached U.S. Patent Publication No. 2010/0309706 ("Saito") as Exhibit C and U.S. Patent No. 8,020,022 ("Tokuhiro") as Exhibit D to its Answer. Netlist admits that Saito purports to have a filing date of June 3, 2010, and that Tokuhiro purports to have a filing date of September 12, 2008 and an issue date of September 13, 2011. The remaining allegations in paragraph 31 contain conclusions of law and not averments of fact to which the rules require an answer, but insofar the rules require an answer Netlist denies the remining allegations of paragraph 31.

32.     Netlist denies the allegations of paragraph 32.

33.     Netlist admits that Micron seeks a declaratory judgment of invalidity of the '035 Patent. Except as expressly admitted, Netlist denies the allegations in paragraph 33.

34.     Netlist denies the allegations of paragraph 34.

## COUNTERCLAIM 5

### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '608 PATENT)

35.     Netlist admits that Micron purports to incorporate by reference the admissions, denials, and allegations set forth in the preceding Counterclaim paragraphs. Netlist re-alleges and incorporates by reference its responses above in paragraphs 1-34.

36.     Netlist admits that an actual controversy exists between Netlist and Micron regarding infringement of the '608 Patent. Except as expressly admitted, Netlist denies the allegations in paragraph 36.

37.     Netlist denies the allegations of paragraph 37.

38.     Netlist admits that Micron seeks a declaration that it has not infringed and does

not infringe any valid and enforceable claim of the '608 Patent either directly or indirectly,

literally or under the doctrine of equivalents, or willfully. Except as expressly admitted, Netlist

denies the allegations in paragraph 38.

39.     Netlist denies the allegations of paragraph 39.

40.     Netlist denies the allegations of paragraph 40.

## COUNTERCLAIM 6

## (DECLARATORY JUDGMENT OF INVALIDITY OF THE '608 PATENT)

41.     Netlist admits that Micron purports to incorporate by reference the admissions,

denials, and allegations set forth in the preceding Counterclaim paragraphs. Netlist re-alleges and

incorporates by reference its responses above in paragraphs 1-40.

42.     Netlist admits that a controversy exists between Netlist and Micron regarding

validity of the '608 Patent. Except as expressly admitted, Netlist denies the allegations in

paragraph 42.

43.     Netlist admits that Micron attached Saito as Exhibit C and Tokuhiro as Exhibit D

to its Answer. Netlist admits that Saito purports to have a filing date of June 3, 2010, and that

Tokuhiro purports to have a filing date of September 12, 2008 and an issue date of September

13, 2011. The remaining allegations in paragraph 43 contain conclusions of law and not

averments of fact to which the rules require an answer, but insofar the rules require an answer

Netlist denies the remining allegations of paragraph 43.

44.     Netlist denies the allegations of paragraph 44.

45.     Netlist admits that Micron seeks a declaratory judgment of invalidity of the '035

Patent. Except as expressly admitted, Netlist denies the allegations in paragraph 45.

46.     Netlist denies the allegations of paragraph 46.

## COUNTERCLAIM 7

### (DECLARATORY JUDGMENT OF RAND TERMS FOR A LICENSE TO NETLIST'S ASSERTED PATENT)

47.     Netlist admits that Micron purports to incorporate by reference the admissions, denials, and allegations set forth in the preceding Counterclaim paragraphs. Netlist re-alleges and incorporates by reference its responses above in paragraphs 1-46.

48.     The allegations in paragraph 48 contain conclusions of law and not averments of fact to which the rules require an answer, but insofar the rules require an answer Netlist denies the allegations of paragraph 48.

49.     Netlist admits that Micron disputes what constitutes RAND royalties for a license to Netlist's Asserted Patents. The remaining allegations in paragraph 49 contain conclusions of law and not averments of fact to which the rules require an answer, but insofar the rules require an answer Netlist denies the allegations of paragraph 49.

50.     Netlist denies the allegations of paragraph 50.

51.     Netlist denies the allegations of paragraph 51.

52.     Netlist denies the allegations of paragraph 52.

53.     Netlist lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 53 and therefore denies the same. In addition, the allegations in paragraph 53 contain conclusions of law and not averments of fact to which the rules require an answer, but insofar the rules require an answer Netlist denies the allegations of paragraph 53.

### JURY DEMAND

54.     Netlist admits that pursuant to Federal Rule of Civil Procedure 38(b), Micron demands a trial by jury on all issues relating to its counterclaims.  Except as expressly admitted, Netlist denies the allegations in paragraph 54.

## MICRON'S PRAYER FOR RELIEF

Although no answer is required to Micron's request for relief, Netlist denies all

allegations in sub-paragraphs (A) through (F) and further denies that the requested or any relief

should be granted to Micron.

## AFFIRMATIVE DEFENSES

Netlist's Affirmative Defenses are listed below. Netlist reserves the right to amend its

Answer to add additional Affirmative Defenses as this case progress towards trial.

### FIRST DEFENSE
### (Failure to State a Claim)

Micron fails to state counterclaims upon which relief can be granted.

### SECOND DEFENSE
### (Good Faith)

Micron's counterclaims are barred because Netlist attempted to license the Asserted

Patents to Micron on reasonable terms. At all times, Netlist acted in good faith in furtherance of

legitimate business interests and has cause no injury to competition, the public, or Micron.

### THIRD DEFENSE
### (Unclean Hands)

Micron cannot prevail on its Counterclaims due to its bad faith patent holdout and refusal

to accept Netlist's reasonable and non-discriminatory offers for a license to the Asserted Patents.

### FOURTH DEFENSE
### (Equitable Defenses)

Micron is barred, in whole or in part, by equitable doctrines including, for example,

waiver and estoppel. Netlist reserves the right to amend this answer and further assert all other

affirmative defenses which may now exist or in the future be available based on discovery and

further factual investigation in this case.

## NETLIST'S PRAYER FOR RELIEF

In addition to the relief requested in Plaintiff's Complaint, Netlist respectfully requests a judgment against Netlist as follows:

A. That Micron take nothing in its Counterclaims;

B. That the Court award Netlist its costs and attorneys' fees incurred in defending against these Counterclaims; and

C. Any and all further relief to which Netlist may show itself to be entitled.

Dated: September 10, 2021                    /s/ Ryan A. Hargrave

Paul J. Skiermont (TX Bar No. 24033073)
Steven Hartsell (TX Bar No. 24040199)
Jaime Olin (TX Bar No. 24070363)
Ryan A. Hargrave (TX Bar No. 24071516)
Sheetal S. Patel (TX Bar No. 24070390)
SKIERMONT DERBY LLP
1601 Elm St., Ste. 4400
Dallas, TX 75201
Phone: (214) 978-6600
Fax: (214) 978-6601
pskiermont@skiermontderby.com
shartsell@skiermontderby.com
jolin@skiermontderby.com
rhargrave@skiermontderby.com
spatel@skiermontderby.com

Rex Hwang (CA Bar No. 221079)
SKIERMONT DERBY LLP
800 Wilshire Blvd., Ste. 1450
Los Angeles, CA 90017
Phone: (213) 788-4500
Fax: (213) 788-4545
rhwang@skiermontderby.com

J. Stephen Ravel (TX Bar No. 16584975)
KELLY HART & HALLMAN LLP
303 Colorado, Suite 2000
Austin, Texas 78701
Tel: (512) 495-6429
steve.ravel@kellyhart.com

*Attorneys for Plaintiff*
Netlist, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic services are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 10th day of September, 2021.

*/s/ Ryan A. Hargrave*